UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

CORY RYAN GAUTHIER,

        Plaintiff,

v.

MICHAEL J. POULIN,

        Defendant.

_____/

Case No. 1:24-cv-855

Honorable Sally J. Berens

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.6; ECF No. 5, PageID.63.)

      This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

      Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that Defendant is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does

2

not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's action for failure to state a claim.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility in Coldwater, Branch County, Michigan. The events about which he complains occurred at the Muskegon County Jail in Muskegon, Michigan. Plaintiff sues Muskegon County Sheriff Michael Poulin. (Am. Compl., ECF No. 5, PageID.60.) When asked in which capacity Plaintiff sues Defendant Poulin, Plaintiff states: "Sherrif [sic] of Muskegon County." (*Id.*)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's amended complaint,[2] he alleges that on March 29, 2022, he "fell off the top bunk" at the Muskegon County Jail, "injuring [his] dis[c] in [his] neck." (*Id.*, PageID.62.) Plaintiff states that he was housed in "a 4 person room on the top bunk on the side of the cell that the shower is on," and there was "no way to get up or down off the bunk," meaning there was "no la[dd]er [or] rails." (*Id.*) Plaintiff alleges that the "top bunk is too high to get up or down without assistance," and he "believe[s] the bunk is above the State[-]regulated height in which would cause for [sic] a l[add]er to be installed." (*Id.*) Plaintiff states that at the time of the incident, he was "[u]sing a storage bin flipped over to get down on," and "the bin slid from underneath [him] sending [him] sideways, hitting the corner of the bottom bunk on the left side of [his] neck." (*Id.*) Plaintiff then "could not move or feel [his] left arm or hand," and "the pain was unbearable." (*Id.*) Plaintiff "was rushed to the emergency room where [he] ended up needing surgery." (*Id.*)

After Plaintiff was transferred from the Muskegon County Jail to prison, Plaintiff advised the prison medical department about "the issues [Plaintiff] was having." (*Id.*) The prison medical department referred Plaintiff "to the Jackson pain clinic where [he] got a spinal injection for pain." (*Id.*) Plaintiff "asked about the numbness in [his] arm and hand and the possibility of getting strength and full mobility back in [his] left hand," and "they said there was nothing they could do." (*Id.*) Plaintiff states that, "[s]ince the surgery[, he] still do[es not] have any sensation or feeling in

---

[2] In an order entered on September 5, 2024, the Court provided Plaintiff with an opportunity to file an amended complaint, explaining that in Plaintiff's original complaint, "he fail[ed] to name Defendants in the body of his complaint." (Order, ECF No. 4, PageID.57.) The Court further explained that "[a]lthough Plaintiff reference[d] seeing a doctor following his surgery [in his original complaint], based on the facts alleged in the complaint, it [wa]s unclear whether this doctor worked at the jail or was an outside medical provider." (*Id.*) In response, Plaintiff filed an amended complaint, naming Sheriff Poulin as the sole Defendant, and the amended complaint is the operative complaint in this action. (Am. Compl., ECF No. 5.)

4

[his] left arm or hand and very limited strength and delayed motor skills." (*Id.*) Plaintiff further states that he is "unable to use [his] hand in a lot of day[-]to[-]day activities." (*Id.*)

As relief, Plaintiff seeks monetary damages, and he requests that "they pay for any and all future medical bills and medication involving this injury," including paying for Plaintiff to see "a specialist." (*Id.*, PageID.63.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Failure to Name Defendant in the Body of the Amended Complaint and Supervisory Liability

As an initial matter, Plaintiff fails to allege sufficient facts showing how Defendant Poulin, the sole Defendant in this action, was personally involved in the violation of Plaintiff's constitutional rights. (*See generally* Am. Compl., ECF No. 5.) Specifically, Plaintiff lists Sheriff Poulin as a Defendant; however, Plaintiff fails to name Defendant Poulin when setting forth his factual allegations. (*See generally id.*)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Thus, Plaintiff's claims against Defendant

6

Poulin fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Furthermore, to the extent that Plaintiff seeks to hold Defendant Poulin liable due to his supervisory position, government officials, such as Defendant Poulin, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough; nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The United States Court of Appeals for the Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)).

7

Here, Plaintiff fails to allege any *facts* showing that Defendant Poulin encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in their conduct. Because Plaintiff has not alleged that Defendant Poulin engaged in any active unconstitutional behavior, Plaintiff fails to state a claim against him.

B.  **Muskegon County**

Even setting aside the above-discussed issues, and construing Plaintiff's reference to suing Defendant Poulin as the "Sherrif [sic] of Muskegon County" as indicating that Plaintiff is suing Defendant Poulin in his official capacity, as explained below, he fails to state a claim. (Am. Compl., ECF No. 5, PageID.60.)

Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n. 55). An official capacity suit is to be treated as a suit against the entity itself. *Id.* at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). "Individuals sued in their official capacities stand in the shoes of the entity they represent," and the suit is not against the official personally. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *see also Graham*, 473 U.S. at 165–66.

Here, Plaintiff's suit against Defendant Poulin—the Muskegon County Sheriff—in his official capacity necessarily intends to impose liability on the county. Muskegon County may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Monell*, 436 U.S. at 694. Instead, a county is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See*

8

*Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire*, 330 F.3d at 810. "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (citing *Monell*, 436 U.S. at 692).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff's department. *See Monell*, 436 U.S. at 690. Moreover, the United States Court of Appeals for the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must 'be so permanent and well settled as to constitute a custom or usage with the force of law.'" *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508.

Here, Plaintiff alleges that the "top bunk is too high to get up or down without assistance," and he "believe[s] the bunk is above the State[-]regulated height in which would cause for [sic] a l[add]er to be installed." (Am. Compl., ECF No. 5, PageID.62.) Plaintiff states that at the time of the incident, he was "[u]sing a storage bin flipped over to get down on." (*Id.*) As an initial matter, Plaintiff provides no further explanation regarding his conclusory assertion that he "believe[s] the bunk [wa]s above the State[-]regulated height in which would cause for [sic] a l[add]er to be installed." (*Id.*) Moreover, claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

The Court does not wish to minimize Plaintiff's experience; his allegations regarding his injury are very serious. However, federal courts routinely dismiss claims regarding the lack of

9

ladders on bunk beds brought pursuant to Section 1983, because they have concluded that this condition does not constitute a serious risk of harm sufficient to state a claim under the statute. *See, e.g.*, *Burgess v. Unknown*, No. 4:21-CV-1134-JAR, 2021 WL 5051369, at *3 (E.D. Mo. Oct. 29, 2021) (collecting cases); *see also Webb v. Brown*, No. 2:18-cv-00472-JPH-DLP, 2019 WL 6338095, at *2 (S.D. Ind. Nov. 27, 2019) (collecting cases) ("The absence of a ladder or steps on a bunk bed is simply not a sufficiently serious condition to support a § 1983 claim. . . . A ladder to access an upper bunk of a bunk is not a basic human need."); *cf. Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013) (noting that the "absence of ladders is a common feature of prison bunk beds" (citations omitted)). Under certain circumstances, courts have held that failing to provide a ladder to an inmate, at most, may constitute negligence, *see, e.g.*, *Williams v. Russell*, No. 21-CV-1813, 2021 WL 2156409, at *3 & n. 3 (E.D. Pa. May 27, 2021) (collecting cases); however, regardless of whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the incident, negligence alone does not raise a constitutional claim. *See, e.g.*, *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Therefore, Plaintiff fails to show that he suffered a *constitutional* injury. Because Plaintiff fails to show that he suffered any constitutional deprivation, he necessarily fails to show that any policy or custom caused a constitutional injury. Accordingly, Plaintiff fails to state a claim against Muskegon County.

    C.    **State Law Claims**

To the extent that Plaintiff intended to bring any state law claims in this action, any assertion that Defendant violated state law fails to state a claim under Section 1983. *See Pyles*, 60 F.3d at 1215; *Sweeton*, 27 F.3d at 1166. Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182

(6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the Court will dismiss Plaintiff's federal claims against Defendant Poulin, and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's state law claims will be dismissed without prejudice because the Court declines to exercise supplemental jurisdiction over those claims.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of

Section 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   September 26, 2024               /s/ Sally J. Berens
                                          SALLY J. BERENS
                                          United States Magistrate Judge